IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA

GREGORY V. PERRY
    PETITIONER

V.                                   CASE NO.: 3:23-CV-1482-BJD-LLL

RICKY D. DIXON
    RESPONDENT.

### VERIFIED EMERGENCY PETITION FOR THE ISSUANCE OF A WRIT OF HABEAS CORPUS

COMES NOW PETITIONER GREGORY PERRY, PRO SE, AND BEING DULY SWORN UNDER PENALTY OF PERJURY, RESPECTFULLY PETITIONS THE COURT ON AN EMERGENCY BASIS FOR THE ISSUANCE OF A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 TO CHALLENGE THE CALCULATION OR EXECUTION OF HIS STATE SENTENCES IN PINELLAS COUNTY CASE NO.: 23-04927-CF, STATE OF FLORIDA V. GREGORY VERNON PERRY, AND HILLSBOROUGH COUNTY CASE NO.: 2021-CF-014160, STATE OF FLORIDA V. GREGORY VERNON PERRY, AND THAT THE PETITIONER IS CURRENTLY IN CUSTODY IN VIOLATION OF THE CONSTITUTION, HAVING ALREADY SERVED A SENTENCE FAR IN EXCESS OF WHAT HE SHOULD HAVE BEEN SCORED IN BOTH STATE MATTERS.

I. STATEMENT OF THE FACTS

1. ON 7-12-2023, AFTER AN ADVERSE JURY VERDICT IN THE PINELLAS MATTER, PETITIONER WAS SENTENCED TO A 109.75 MONTH TERM OF INCARCERATION FOR A VIOLATION OF FLA. STAT. § 784.021(1)(a) (AGGRAVATED ASSAULT), BASED UPON THE STATE HAVING USED AN UNCOUNSELED 2015 VIRGINIA CONVICTION IN CHESTERFIELD COUNTY CIRCUIT COURT CASE NO.: CR14F02202-01, COMMONWEALTH OF VIRGINIA V. GREGORY VERNON PERRY, TO CALCULATE A SENTENCING SCORESHEET IN EXCESS OF THE 60-MONTH STATUTORY MAXIMUM, AND BY INCLUDING YOUTHFUL PRIORS THAT WERE ALMOST 30 YEARS STALE.

2. On 8-28-2023 in the Hillsborough matter, the State used the same uncounseled Virginia conviction and sentencing scoresheet calculation to coerce plea agreement negotiations for a violation of Fla. Stat. § 836.10 (written threat to kill or do bodily injury), and resulting in a coerced plea agreement for a 366 day term of incarceration concurrent with the Pinellas sentence. The said plea agreement was entered into by the Petitioner on the advice of his attorney, after the jury had been impaneled, sworn, and then dismissed, and with Petitioner's attorney being both actually and constructively aware of the uncounseled nature of the 2015 Virginia conviction.

3. On 2-2-2015 and less than a week before the scheduled jury trial, Petitioner's attorney in the Virginia prosecution was permitted to resign from the case, at the Petitioner's stated objection on the record, and without any replacement counsel appointed in the resigned attorney's stead (Hillsborough record at 9-13-2023 Motion for Reduction of Sentence, Ex. "A").

4. Of note is the fact that the Supreme Court of Virginia docket for case No.: CR14F02202-01 reflects a recent record transmittal to the State of Florida, indicating that either or both state prosecutions were acutely aware of the uncounseled nature of the said 2015 conviction, yet used it as the sole basis for calculating the sentence via 27+ year old priors anyway.

5. Without the uncounseled 2015 conviction that was used to enhance the sentence in both state matters, the Petitioner would not have even qualified for a single day of incarceration.

6. However, Petitioner has already served almost six (6) months, and is committed to the custody of the Respondent.

-2-

II. <u>ARGUMENT AND POINTS OF AUTHORITY</u>

7. Section 921.0021(5) governs the State's ability to include prior convictions more than 10 years before the primary offense, for purposes of calculating a sentencing scoresheet. See also Fla. R. Crim. P. Rule 3.704(14)(A). With exception to the 2-9-2015 uncounseled Virginia conviction, all other prior convictions used in both the Pinellas and Hillsborough matters were 27+ years old.

8. The uncounseled 2015 conviction under Chesterfield County Virginia Case No.: CR14F02202-01 resulted in a 3.5 year prison sentence; at the time of the 2-2-2015 hearing and 2-9-2015 jury trial, Petitioner was indigent and entitled to court-appointed counsel; on both 2-2-2015 and 2-9-2015, Petitioner requested an appointment of counsel, but counsel was not appointed; and, on both 2-2-2015 and 2-9-2015, the Petitioner's right to counsel was not waived. See <u>State v. Beach</u>, 592 So.2d 237 (Fla. 1992).

9. Petitioner incorporates hereto, as if fully set forth herein, the contents of his 9-13-2023 Motion for Reduction of Sentence filed in the Hillsborough record, as the grounds for his 8-28-2023 coerced plea agreement. Had the 2-9-2015 uncounseled Virginia conviction been properly objected-to by his counsel, Petitioner would not have scored out to a term of incarceration, as all other priors used to calculate the sentencing scoresheet were almost 30 years stale. Under the holdings of <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984), a defendant's claim of ineffective assistance of counsel need only "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

10. It is impermissible to admit a prior conviction, either to support guilt or enhance punishment, where the prior

-3-

conviction was obtained without counsel. BURGETT V. TEXAS, 389 U.S. 109, 19 L.Ed.2d 319, 88 S.Ct. 258 (1967). SEE ALSO UNITED STATES V. TUCKER, 404 U.S. 443, 448, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); AND, LOPER V. BETO, 405 U.S. 473, 483-84, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972).

11. AS TO THE RECENT RECORD TRANSMITTAL TO THE STATE OF FLORIDA FROM THE SUPREME COURT OF VIRGINIA, THE STATE KNEW, OR SHOULD HAVE KNOWN, ABOUT THE UNCONSTITUTIONAL USE OF AN UNCOUNSELED CONVICTION TO SUPPORT A FINDING OF GUILT OR TO ENHANCE PUNISHMENT. A PROSECUTOR SHOULD "PROSECUTE WITH EARNESTNESS AND VIGOR" BUT IS NOT TO USE "IMPROPER METHODS CALCULATED TO PRODUCE A WRONGFUL CONVICTION." BERGER V. UNITED STATES, 295 U.S. 78, 88, 55 S.Ct. 629, 79 L.Ed. 1314 (1935).

12. ON 8-28-2023, THE PETITIONER ENTERED INTO A COERCED PLEA AGREEMENT BASED IN PART ON THE COURT'S ADMONISHMENT THAT IF THE 366 DAY OFFER FROM THE STATE WAS NOT ACCEPTED BEFORE CLOSE OF BUSINESS ON THAT SAME DAY, THEN THE LOWEST PLEA AGREEMENT THAT THE COURT WOULD ACCEPT AT A LATER DATE WAS THE 68.75 MONTH LOWEST PERMISSIBLE SENTENCE CALCULATED USING THE UNCOUNSELED 2015 VIRGINIA CONVICTION; AFTER THE JURY WAS IMPANELED, SWORN, THEN DISMISSED, PETITIONER ENTERED INTO THE COERCED PLEA OFFER. THE FEDERAL RULE THAT JEOPARDY ATTACHES WHEN THE JURY IS SWORN APPLIES IN STATE PROSECUTIONS BECAUSE IT IS INTEGRAL TO THE FIFTH AMENDMENT DUE PROCESS PROTECTIONS. JEOPARDY WAS ATTACHED WHEN THE JURY WAS IMPANELED AND SWORN THOUGH JURY WAS DISCHARGED BEFORE THE ACTUAL TRIAL. CREST V. BRETZ, 437 U.S. 28, 29, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978).

13. THE LAW IS SETTLED THAT A 28 U.S.C. § 2241 PETITION FOR WRIT OF HABEAS CORPUS IS THE PROPER VEHICLE

-4-

for a prisoner to challenge the manner, location, or execution of his sentence. *Lopez v. Davis*, 531 U.S. 230, 236, 121 S.Ct. 714, 148 L.Ed.2d 635 (2001); *Williams v. Pearson*, 197 F. App'x 872, 877 (11th Cir. 2006). See also *Dowdell v. Williams*, 2023 U.S. Dist. Lexis 102492, Case No. 2:20-CV-475-RAH-CSC (11th Cir. 2023) ("Because Dowdell challenges the calculation or execution of his sentence, this court has jurisdiction over his 28 U.S.C. § 2241 claims."). To obtain relief in this habeas action, Petitioner must demonstrate he "is [currently] in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

## III. Prayer For Relief

Wherefore Petitioner prays for a writ of habeas corpus to issue as to the calculation or execution of the state sentences referenced herein, and for any and other such further relief that the court deems just and proper.

## IV. Declaration of Verification

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 12-15-2023.

x. [signature]

Petitioner Gregory V. Perry, Pro Se

Gregory Perry #515843
RMC-Main Unit
P.O. Box 628
Lake Butler, FL 32054

-5-